UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PAUL KENNETH CROMAR,<br><br>     Plaintiff,<br><br>v.<br><br>KRAIG J. POWELL,<br><br>     Defendant. | **REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS (DOC. NO. 7) AND TO DISMISS ACTION WITH PREJUDICE**<br><br>Case No. 2:20-cv-00625-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiff Paul Kenneth Cromar filed this action against Kraig J. Powell, a Utah state court judge, on September 4, 2020.  (Compl., Doc. No. 1.)  Judge Powell moved to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6).  (Mot. to Dismiss, Doc. No. 7.)

Upon review of the Complaint and the briefing on the motion to dismiss, it is evident the court lacks jurisdiction over Mr. Cromar's claims to the extent he seeks to challenge Judge Powell's ruling in a state court case.  Further, any claim for damages is barred by judicial immunity, and Mr. Cromar fails to state any other claim upon which relief can be granted.  Accordingly, as explained below, the undersigned[1] RECOMMENDS the district judge GRANT the motion to dismiss (Doc. No. 7) and DISMISS this action with prejudice.

---

[1] District Judge David Barlow referred this case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) on November 13, 2020.  (Doc. No. 15.)

BACKGROUND

Mr. Cromar's allegations are difficult to discern but appear to relate to a Utah state court

eviction case over which Judge Powell presided.  (*See* Compl. ¶¶ 3, 7, Doc. No. 1.)  The

background to that case is set forth in the Motion to Dismiss and its attached state and federal

court dockets and pleadings.[2]

In short, in a 2017 federal tax liability case brought by the United States against Mr.

Cromar, a court in this district ordered the foreclosure and judicial sale of Mr. Cromar's home

and required him to vacate the home within fifteen days.  (*See* Order of Foreclosure and Judicial

Sale, *United States v Cromar*, Case No. 2:17-cv-01223-RJS (D. Utah March 20, 2019), filed as

Addendum D to Mot. to Dismiss, Doc. No. 7-4 at 33–40.)  Copper Birch Properties, LLC

("Copper Birch") later purchased Mr. Cromar's home at auction.  Because Mr. Cromar was still

occupying the home, Copper Birch filed an eviction case in Utah state court against Mr. Cromar

on July 13, 2020.  (*See* Docket and Complaint, *Copper Birch Properties LLC v. Cromar*, Case

No. 200400972 (Fourth District Court, State of Utah), filed as Addendum E to Mot. to Dismiss,

Doc. No. 7-5 at 2–16.)  On September 2, 2020, after a hearing, Judge Powell issued a final order

requiring Mr. Cromar and his wife to vacate the home "no later than 5 p.m. on Saturday,

September 5, 2020."  (*See* Am. Final Order to Vacate Premises, *Copper Birch Properties LLC v.*

*Cromar*, Case No. 200400972 (Fourth District Court, State of Utah), filed as Addendum E to

Mot. to Dismiss, Doc. No. 7-5 at 64–66.)  The order states: "This is the final, enforceable order

of the Court, and no further order is necessary to effectuate the order of restitution and this order

---

[2] In reviewing a motion to dismiss under Rule 12(b)(6), the court may consider not only the
allegations in the complaint but also facts subject to judicial notice, including "another court's
publicly filed records concerning matters that bear directly upon the disposition of the case at
hand." *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (unpublished)
(internal quotation marks omitted).

to vacate the premises . . . ."  (*Id.*, Doc. No. 7-5 at 65.)  Mr. Cromar then filed this action against

Judge Powell on September 4, 2020.  (Compl., Doc. No. 1.)

In his Complaint, without providing further details, Mr. Cromar alleges Copper Birch's

"filing was done fraudulently" and immediate dismissal of the eviction case is required.  (Compl.

¶ 7, Doc. No. 1.)  He alleges Judge Powell's ruling to "restore" his home to Copper Birch was

"factually impossible" and was "committed outside of lawful authority."  (*Id.* at ¶¶ 7–8.)  He also

asserts he mailed various documents to Judge Powell, and Judge Powell's failure to respond

establishes Judge Powell's agreement to the documents' contents.  (*Id.* at ¶¶ 9–11.)  He claims

Judge Powell's ruling was an "attempted theft of [his] Life, Liberty and Property" contrary to the

United States Constitution.  (*Id.* ¶¶ 3–4.)  According to Mr. Cromar, this ruling deprived him of

his rights under color of law in violation of Section 242 of Title 18 of the United States Code.

(*Id.* ¶ 4.)  Mr. Cromar is seeking "one silver dollar" for each minute this action is pending, in

addition to "lawful remedies" provided in a "Public Notice."  (*Id.* ¶ 12.)  Although a document

entitled "Public Notice" is attached to the Complaint, it does not describe what other remedies

Mr. Cromar seeks in this case.  (*See* Ex. B. to Compl., Doc. No. 1-2.)

Mr. Cromar filed several attachments to the Complaint,[3] including:

- A document quoting and summarizing Section 242 of Title 18.  (Ex. A to Compl.,
  Doc. No. 1-1.)

- A document signed by Mr. Cromar entitled "Public Notice, Declarations, Mandates,
  and Lawful Protest," which is largely unintelligible but purports to give notice of
  various rights held by Mr. Cromar.  (Ex. B. to Compl., Doc. No. 1-2.)

---

[3] The court may consider exhibits attached to the complaint in evaluating a Rule 12(b)(6) motion
to dismiss.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

- A document signed by Mr. Cromar and addressed to Kraig J. Powell entitled "Notice of Default, Acceptance of Your Agreement, and Intent to Collect," which is largely unintelligible but appears to demand that Judge Powell agree to various assertions by Mr. Cromar regarding the eviction case.  (Ex. C to Compl., Doc. No. 1-3.)

- Mailing receipts showing the documents attached as Exhibits B and C were mailed to Judge Powell.  (Ex. D to Compl., Doc. No. 1-4.)

Judge Powell moved to dismiss the Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing (1) the court should abstain from hearing the case under the *Younger* doctrine, (2) Mr. Cromar's claims are barred by the doctrine of judicial immunity, and (3) the Complaint fails to state a claim for which relief can be granted.  (Mot. to Dismiss 1, Doc. No. 7.)

## LEGAL STANDARD

Rule 12(b)(1) permits dismissal of a case for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  When a motion under this rule presents a facial attack based on the allegations in the complaint, the court applies the same standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.  *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).  Judge Powell's motion presents a facial attack because he does not dispute the allegations in Mr. Cromar's Complaint for purposes of his motion, and his only references outside of the Complaint are to court records which may be judicially noticed. *See Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss relying on state court

records subject to judicial notice presented a facial attack); *Mackley v. Davis*, No. 1:13-cv-00129, 2014 U.S. Dist. LEXIS 66115, at *4 (D. Utah Apr. 25, 2014) (unpublished) (same).

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Because Mr. Cromar proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements[,]" *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

DISCUSSION

**A.  Lack of Jurisdiction Under Rule 12(b)(1)**

To the extent Mr. Cromar seeks to enjoin or overturn Judge Powell's ruling in the eviction case, this court lacks jurisdiction over Mr. Cromar's claims based on the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine.

The *Rooker-Feldman* doctrine recognizes that "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments." *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished).  Under this doctrine, "[t]he losing party in a state court proceeding is generally 'barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"  *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."  *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citation omitted).

> A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which

6

traditionally look to state law for their resolution or implicate separately articulated state policies.

*Id.* (internal quotation marks omitted).

To the extent Judge Powell's order constituted a final judgment in the eviction case, under the *Rooker-Feldman* doctrine, this court lacks jurisdiction over any claim seeking to overturn the order based on an allegation that the order violated Mr. Cromar's federal rights.  Mr. Cromar filed this federal action two days after Judge Powell's September 2, 2020 final order commanding him to vacate the premises in the eviction case, asserting Judge Powell's order was "outside of lawful authority" and violated his constitutional rights.  (Compl. ¶¶ 3, 7–8, Doc. No. 1.)  Thus, *Rooker-Feldman* bars Mr. Cromar's federal claim to the extent he alleges this order was unlawful or unconstitutional.

To the extent the eviction case remained ongoing when Mr. Cromar filed this action, this court must abstain from exercising jurisdiction over any claim seeking to enjoin the eviction proceedings under the *Younger* abstention doctrine.  A review of the docket in the eviction case shows additional filings after the September 2, 2020 order, which appear to consist primarily of Copper Birch's efforts to enforce the final order and Mr. Cromar's efforts to set it aside.  (*See* Docket, *Copper Birch Properties LLC v. Cromar*, Case No. 200400972 (Fourth District Court, State of Utah).)  Eviction proceedings are governed by state law, and state trial and appellate courts provide an adequate forum for Mr. Cromar's claim that Judge Powell's ruling violated his constitutional rights or was otherwise improper.  Thus, *Younger* abstention bars Mr. Cromar's claim to the extent he seeks to halt an ongoing eviction proceeding.  *See Fleming v. Sims*, No. 17-cv-01827, 2017 U.S. Dist. LEXIS 230445, at *6 (D. Colo. Aug. 14, 2017) (unpublished) (concluding a claim for injunctive relief intended to halt an eviction proceeding would likely be outside of the court's jurisdiction under the *Younger* abstention doctrine).

In short, this court lacks jurisdiction to enjoin or overturn Judge Powell's ruling in the eviction case based on the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine.

**B.   Failure to State a Claim Under Rule 12(b)(6)**

Mr. Cromar's Complaint also fails to state a claim upon which relief can be granted under Rule 12(b)(6).  Mr. Cromar cites Section 242 of Title 18 of the United States Code, but this is a criminal statute which does not provide a civil cause of action.  *See* 18 U.S.C. § 242.  Instead, the court construes Mr. Cromar's claim that Judge Powell violated his constitutional rights leniently—as a claim under Section 1983 of Title 42, which provides a cause of action for violations of constitutional rights by persons acting under color of state law.  *See* 42 U.S.C. § 1983.  However, Mr. Cromar does not explain how his constitutional rights were violated.  He makes conclusory allegations that Copper Birch's filing was "fraudulent" and Judge Powell's ruling was "committed outside of lawful authority," but does not support them with factual assertions.  Moreover, Mr. Cromar's allegation that he mailed certain documents to Judge Powell without receiving a response does not support a claim that his constitutional rights were violated.  Those documents, which are attached as exhibits to the Complaint, are largely unintelligible and fail to support or elucidate his claims.  Thus, Mr. Cromar fails to state a plausible claim for relief under Section 1983.

Moreover, to the extent Mr. Cromar seeks monetary damages against Judge Powell, his claim is barred by the doctrine of judicial immunity.  Judges are generally immune from suits for money damages.  *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008).  The only exceptions to this rule are "(1) when the act is not taken in [the judge's] judicial capacity, and (2) when the act, though judicial in nature, [is] taken in the complete absence of all jurisdiction."  *Id.* (internal quotation marks omitted; alterations in original).  "A

judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1987)).  Here, Mr. Cromar's allegations relate to Judge Powell's actions taken in his judicial capacity in the eviction case. And although he alleges Judge Powell acted outside his lawful authority, he has not alleged Judge Powell lacked jurisdiction over the eviction case.  Accordingly, judicial immunity bars any claim for monetary damages against Judge Powell.

For these reasons, Mr. Cromar's Complaint fails to state a claim upon which relief can be granted against Judge Powell.  Further, it would be futile to give him an opportunity to amend the Complaint, because any claim related to the state eviction case is barred by the *Rooker-Feldman* doctrine, the *Younger* doctrine, or judicial immunity.  Accordingly, the undersigned RECOMMENDS the district judge GRANT Judge Powell's Motion to Dismiss (Doc. No. 7) and DISMISS this action with prejudice.

## RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS the district judge GRANT the motion to dismiss (Doc. No. 7) and DISMISS this action with prejudice.

The court will send copies of this Report and Recommendation to all parties, who the court notifies of their right to object to the same.  *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen

(14) days of service thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 12th day of April, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge