FILED US District Court-UT
MAY 12 '21 AM10:27





Paul-Kenneth: Cromar. ™,
- Executor © "PAUL KENNETH CROMAR",
c/o 9870 N. Meadow Drive
Cedar Hills, Utah state: uSA [84062]

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **Paul-Kenneth: Cromar** ) | **Plaintiff's Objection to** |
| ) | **Magistrate's *ex-parte* Pleading** |
| Plaintiff ) | **and** |
| ) | **Motion to VOID the** |
| vs. ) | ***ex-parte* Judgment Order** |
| ) | |
| **Kraig J. Powell,** ) | Civil Claim # 2:20-cv-00625 |
| ) | DAVID B. BARLOW |
| Defendant. ) | magistrate Daphne A. Oberg |

© *2021 Paul-Kenneth: Cromar*™ — *Reject and Rescind*– *#8KJPow-22105-11a-BarbieAndKensHouse3a*

1

## Plaintiff's Objection to *ex-parte Pleading*
## and
## Motion to VOID the *ex-parte* Judgment Order

1.  Comes now, Paul-Kenneth: Cromar, a living-and-breathing man, *sui juris* Plaintiff, under Fed.R.Civ.Pr. R. 7, 8, 9, 12(a), 12(c), and 55(c) and file this ***Objection*** to the court's improper reliance upon, and use of, an ***ex-parte* submission** made by Magistrate Daphne A. Oberg recommending granting the Defendant Kraig J. Powell, the living and breathing man's (NOT the "judge's") *Motion to Dismiss* **two days prior to Service** of the Magistrate's "April 12, 2021" **REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS (DOC.NO.7) AND TO DISMISS ACTION WITH PREJUDICE,** and two Orders, the first **ORDER TERMINATING MOTION FOR SUMMARY JUDGEMENT (DOC.NO. 25) WITH LEAVE TO REFILE,** and the second **ORDER GRANTING PROTECTIVE ORDER AND STAY OF DISCOVERY (DOC. NO. 6)** postmarked April 27, 2021 (see EXHIBIT A) and received April 30, 2021 at 5:43 p.m., to which Plaintiff provided "REJECTION of Offer to Contract" (docket 34 – within 72 hours) without allowing the Plaintiff any opportunity at all to plead in reply to the *Report and Recommendation* and *Orders* as required under the Federal Rules of Civil Procedure; and Plaintiff further hereby *Moves* this honorable court, under the Federal Rules of Civil Procedure, Rule 60(b)(4), to **VACATE, VOID, or RESCIND** the **MEMORANDUM DECISION and Order Adopting Report and Recommendations** (docket 32) and the court's resulting ***Judgment*** (docket 33) with the court granting *Motion to Dismiss*, -- Service for which has NOT yet been received by USPS mail as established and required or any other way, thus violating prerequisite legal *due process* rights of the Plaintiff to have timely filed pleadings taken into consideration by the court after a reply is made within the time allowed, as specified in required under the applicable Federal Rules of Civil Procedure (Fed.R.Civ.P) as argued below.

2.     Therefore under Federal Rules of Civil Procedure, Rule 60 (b)1, 4 and 6, "Grounds for Relief from a Final judgement, Order ...", specifies the following:

**Rule 60. Relief from a Judgment**

(b) Grounds for **Relief from a Final Judgment, Order**, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) **mistake, inadvertence, surprise, or excusable neglect;** ...

(4) **the judgment is void;** ...

(6) **any other reason that justifies relief.**

3.     Pursuant to the Federal Rules of Civil Procedure, Rule 60(b), the district court *"may relieve a party or its legal representative from a final judgment, Order, or proceeding"* if, inter alia, *"the judgment is void."* Fed.R.Civ.P. 60(b)(4). *"Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law."* Burke, 252 F.3d at 1263.

4.     Fed.R.Civ.P. Rule 12(a), Rule 12(c), and Rule 56(a) work together to plainly and clearly specify that to provide the required legal *due* process at law, a litigant will be given 20 days to answer a counter-claim, cross-claim, or *Motion to Dismiss* filed in a case by an opposing party. In this case, the Plaintiff was **improperly and prejudicially NOT** even given 1 day to answer the Magistrate's *Report and Recommendations* and two *Orders,* which was improperly wrongfully granted by the court two day prior to Plaintiff received service of the *Recommendations* and *Orders*, and of course, before he could file any reply at all with the court.

5. The issued *Order of the court* granting Judgment was a plain and clear **violation** of the controlling applicable Federal Rules of Civil Procedure, and the standards at law in the United States of America for affording and providing legal *due process*, and the litigants' *Rights* to *due process, t*o all litigants in all judicial proceedings occurring in all of the federal district courts.

6. Proper, legal *due process* at law plainly and clearly requires opportunity to be heard.

> "The essential elements of due process of law are **notice and opportunity to defend**;" *Simon v. Craft*, 182 U.S. 427, 436, 21 SUP. CT. 836, 45 L. ED 1165
>
> "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; **to be heard, by testimony or otherwise**, and to **have the right of controverting**, by proof, **every material fact which bears on the question of right** in the matter involved. If any question of fact or liability be conclusively presumed against him, this is not due process of law." Black's Law Dictionary 500 (6th ed. 1990); accord, *U.S. Department of Agriculture v. Murry*, 413 U.S. 508 [93 S.Ct. 2832, 37 L.Ed.2d 767] (1973); *Stanley v. Illinois*, 405 U.S. 645 [92 S.Ct. 1208, 31 L.Ed.2d 551] (1972)

7. *Due process* of law under FRCP requires that time be given to the Plaintiff in order to answer the *Magistrate's Report and Recommendations* and *Orders* regarding Defendant Kraig J. Powell the living-and-breathing man's (NOT the "judge's") *Motion to Dismiss*. This **absolute *requirement*** of **legal *due process***, to provide time to answer a *Magistrate's Report and Recommendations* and *Orders*, has been **blatantly violated by the district court** in this matter by granting the Defendant Kraig J. Powell the living and breathing man (NOT the "judge")' *Motion to Dismiss* as endorsed by the Magistrate's *Report and Recommendations* and *Orders*, **without** allowing Plaintiff **any time at all** to answer under the Federal Rules of Civil Procedure.

© 2021 Paul-Kenneth: Cromar™ – Reject and Rescind– #8KJPow-22105-11a-BarbieAndKensHouse3a

4

8. Therefore, obvious violations of the **required** legal *due process Rights* of the Plaintiff have plainly and clearly occurred in this matter, in an inexplicable apparent attempt by the court to silence the Plaintiff by effectively acting pre-emptively and prematurely to wrongfully prevent him from being allowed to raise legal issues and argue in support of his statutory defenses available in this matter.

9. **This is reversible error**, obviously **prejudicial to the Plaintiff**, and it is **sufficient cause** to invoke Fed.R.Civ.P. Rule 60(b)(4) in order to ask the court to reconsider its premature ruling, and **VACATE**, **VOID** or **rescind** the *ex-parte Order* of the court wrongfully granting Judgment to the Defendant, to allow the Plaintiff to make a reply to the Kraig J. Powell the living and breathing man (NOT the "judge")' *Motion to Dismiss* as endorsed by the Magistrate's *Report and Recommendations* and *Orders*, instead of proceeding with this **improper,** court-engineered vacuum (absence) of opposition from the Plaintiff on the record of the court in the action.


## Prohibited *ex-parte* Communications

10. To accept an *ex-parte* filing at the court, and then immediately grant the Defendant's *Motion to Dismiss*, **without allowing any reply or response, or input, or opposition to be filed by the Plaintiff**, is plainly and clearly **improper.** Acting in this manner, effectively amounts to a prohibited *ex-parte* **communication** between the Defendant Kraig J. Powell the living and breathing man (NOT the "judge") and the district court, and it is an improper *ex-parte Order of the court* that has issued - where the Magistrate's *Report and Recommendations* and *Orders* are allowed to argue *ex-parte*, and the Plaintiff is *prejudicially* locked out of the court and prevented from participating in the proceedings by the courts improper, partial, *prejudicial ex-parte* ruling and action.

© 2021 Paul-Kenneth: Cromar™ — Reject and Rescind— #8KJPow-22105-11a-BarbieAndKensHouse3a

5

11. This type of **prohibited** *ex-parte* communications, and actions by the court, are despicable, and plainly and clearly constitutes a violation of the legal *due process* **Rights** of the Plaintiff, and clearly demonstrate a *prejudicial* **favoritism** of the court for the Defendant Kraig J. Powell the living and breathing man (NOT the "judge") and against the Plaintiff, **that cannot be legitimately allowed** to operate by *ex-parte rulings*, serving as the legal basis for decision, holding, ruling, or *Order* regarding the granting of a *Motion to Dismiss* as endorsed by the Magistrate's *Report and Recommendations* and *Orders*, because of the **wrongful, improper** and *violative* **court-engineered absence** of participation by argument or pleading from the Plaintiff.

12. Impartiality is the most basic principle of judicial ethics. It means that all parties to a pending case are included in all communications with the court regarding that matter - no party has special or secret access to the judge. Communication to the judge without prior or simultaneous notice to the opponent **is "*ex parte*" and improper** except as specifically provided by applicable law. If the litigant does not know of any applicable law permitting a particular *ex parte* communication it is improper, and it also violates the required constitutional *due process*, and in this particular dispute, it also violates the statutorily required "*appropriate process*", necessary for the district court to properly take and hold legal jurisdiction over this matter, as well.

13. Improper *ex parte* contact occurs when an attorney communicates with another party or the Court (the judge) outside the presence of that other party's attorney, and without ever giving notice of the contact to the other litigants. *Ex parte* contact also describes a judge who communicates with <u>**or rules for one party to a lawsuit to the exclusion of the other party or parties,**</u> or a judge who initiates discussions about a case with disinterested third parties. Canon 3(A)(4) of the American Bar Association (ABA) Model Code of Judicial Conduct discourages judges from such *ex parte* communications.

14. Every lawyer knows nonconsensual *ex parte* contacts with a judge or judicial officer, including court personnel who participate in the decision-making process on the merits of a contested matter are prohibited by Rule of Professional Conduct 5-300(B).

> **Contested matter** "extends to communications of information in which counsel knows or should know the opponents would be interested. (Citation omitted.)....[T]he standard generally bars any *ex parte* communication by counsel to the decision maker of information relevant to issues in the adjudication."

15. In the United States, the availability of *ex parte* orders or decrees from both federal and state courts, and the use of *ex parte* communications as arguments or submissions for consideration by the courts, is sharply limited by the Fifth and Fourteenth Amendments to the U.S. Constitution, which provide that a person shall not be deprived of any interest in liberty or property without due process of law, which includes the right **to legal *notice*,** participation, and **rebuttal opposition**. In practice this has been interpreted to require adequate notice of the request for judicial relief or *Order*, and an opportunity to also be personally heard **in a hearing** concerning the merits of such requests or *Motions*.

16. Judges can be sanctioned for allowing or conducting *ex-parte* proceedings, or for utilizing *ex parte* submissions or issuing *ex-parte* Orders in order to summarily settle disputes. Canon 3(A)(4) of the Code of Judicial Conduct specifically prohibits *ex parte* communication between a judge and a lawyer in any pending or impending proceeding.

17. Subsection 4 of the Canon is based in part on old Canon 11 of the Canons of Judicial Ethics. Canon 17, entitled "*Ex Parte Communication*" was adopted in 1924 by the American Bar Association and remained virtually unchanged for nearly half a century. Canon 17 specifically prohibited all communications, arguments, and interviews, for the purpose of assisting a judge in the rendering of a decision, unless representatives of all interested parties were actually notified of such, and or present at such time.

18. The rules of Conduct found in the first sentence of the Canon are likewise twofold. Initially, it is stated that a judge should accord every interested person (or his lawyer) a "*full **right to be heard** according to the law*". This requirement covers a vast area of judicial activities and has been applied many times in judicial proceedings in the United States. The second part of adjudicative responsibilities required by Canon 3(A)(4) deals with *ex parte* communication and states that it is expressly prohibited.

19. Judges should be careful not to initiate or accept any *ex parte* communication from anyone other than a judicial colleague or appropriate court officer. In the event other *ex parte* communication is necessary, the notice and hearing requirements of Canon *3(A)(4)* must be strictly adhered to. (see, *Matter of Bonin*, 375 Mass. 680, 378 N.E.2d 669 (1978). See also *Wise*, "New Rule Clarifies Activities For Judges Running For Office," N.Y.L.J. (August I, 1986, p. 1) (§100.7 of the Rules of the Chief Administrator Governing Judicial Conduct, relating to political activity of judges, amended to provide for new rules restricting their political activities.)

## SUMMARY

20. ***Ex-parte*** communications and **acts** undertaken by the court that are not authorized by the FRCP to occur as *ex-parte* proceedings, are a violation of the rules of legal *due process*. Pursuant to the Federal Rules of Civil Procedure, Rule 60(b), the district court "*may relieve a party or its legal representative from a final judgment, Order, or proceeding*" if, inter alia, "***the judgment is void.***" Fed.R.Civ.P. 60(b)(4). "***Generally, a judgment is void** under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, **OR if it acted in a manner inconsistent with due process of law**.*" Burke, 252 F.3d at 1263 (internal quotation marks omitted).

© *2021 Paul-Kenneth: Cromar*™ – *Reject and Rescind– #8KJPow-22105-11a-BarbieAndKensHouse3a*

21. Therefore, Plaintiff respectfully moves this honourable court to Vacate, Void or rescind the Magistrate's improper *ex-parte Report and Recommendations* and *Order*, and the Judgement of the court that it has issued wrongfully granting *Judgement* to the Defendant in an *ex-parte* manner, in violation of the applicable and controlling Rules of the FRCP, and REQUIRE the Magistrate to REFILE and RE-SERVICE to allow the Plaintiff 20 days from the date of <u>receipt</u> of those pleadings via established USPS Service, in reply to the Magistrate's *Report and Recommendation* and two *Orders* if she chooses to file refile them.

I, Paul-Kenneth: Cromar, the heir and Executor of the copyrighted and trademarked name captioned at top, reserve the right to make any amendments or corrections.

---

**FOR THE AFFIDAVIT IS OF THE TRUTH:**

FOR THE Heir and Executor **ARE** FOR THE AFFIRMATION OF THE DECLARATION OF

THE

TRUTH BY THE FIRSTHAND KNOWLEDGE OF THE FACTS:

| | |
|---|---|
| Utah County )<br>)<br>Utah Republic )<br>united States of America ) | Asseveration<br>L.S. _by: Paul-Kenneth: Cromar_<br>Signed only in correct public<br>As heir and Executor with Original Jurisdiction.<br>Certified Mail: # 7019 0140 0000 7006 2322 |

May 11th , 2021

© 2021 Paul-Kenneth: Cromar™ – Reject and Rescind– #8KJPow-22105-11a-BarbieAndKensHouse3a

EXHIBIT A

United States District Court
District of Utah
Office of the Clerk
Orrin G. Hatch United States Courthouse
351 South West Temple
Salt Lake City, Utah
84101
Official Business

LEGAL MAIL

Hasler
04/27/2021
US POSTAGE
$01.60⁰
ZIP 84101
011D11628168

## CERTIFICATE OF SERVICE

For the verification is for the true and correct-copy of the Original of the **Objection to *ex-parte* Judgment & Motion to VOID Order** and is of the delivery by the following manner:

HEATHER J. CHESNUT (6934)
Assistant Utah Attorney General
  and
SEAN D. REYES (7069)
Utah Attorney General
160 E. 300 S., 6th Floor
Salt Lake City, UT 84111

Certified Mail: # 7019 0140 0000 7006 2339

:Paul-Kenneth: Cromar.
c/o 9870 N. Meadows Dr.
Cedar Hills, Utah state [84062]
 - and -
PO Box 942
Pleasant Grove, Utah [84062]

Supplementary courtesy email are welcome,
  but never in lieu of USPS Service to
  address above:
  - kencromar@bluemoonprod.com
  - kencromar5@gmail.com

May 11th, 2021

PRESS FIRMLY TO SEAL

PRESS



CERTIFIED MAIL

U.S. POSTAGE PAID
PM 1-Day
PLEASANT GROVE, UT
84062
MAY 11, 21
AMOUNT
$14.40
R2304M109941-14

1005    84101



7019 0140 0000 7006 2322

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

FROM:

Paul-Kenneth: Cromar.
c/o 9870 N. Meadow Drive
Cedar Hills, Utah [84062]

TO:

UNITED STATES DISTRICT COURT
351 South West Temple
Salt Lake City, UT 84101

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**


PS00001000014      EP14F May 2020
                   12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP



# LAT RATE ENVELOPE
JE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

## RACKED ■ INSURED



PS00001000014     EP14F May 2020
                  OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.