THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PAUL KENNETH CROMAR, <br><br> Plaintiff, <br><br> v. <br><br> KRAIG J. POWELL, <br><br> Defendant. | **ORDER DENYING PLAINTIFF'S MOTION TO VOID THE EX-PARTE JUDGMENT ORDER** <br><br> Case No. 2:20-cv-00625-DBB-DAO <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

This matter is before the court on Plaintiff's Objection to Magistrate's Ex-Parte Pleading and Motion to Void the Ex-Parte Judgment Order[1] (Motion). Plaintiff requests that the court vacate, void, or rescind the magistrate judge's Report and Recommendation[2] and the court's subsequent Order Adopting the Report and Recommendation[3] and Judgment.[4] Plaintiff asserts that he did not have "any opportunity at all to plead in reply to the [Report and Recommendation] as required under the Federal Rules of Civil Procedure."[5] However, the Report and Recommendation was mailed to Plaintiff on April 13, 2021. Pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), a paper is served by "mailing to the person's last known address—in which event service is complete upon mailing." Accordingly, service of the Report and Recommendation was complete on April 13, 2021. Plaintiff then had fourteen (14) days within

---

[1] ECF No. 35, filed May 12, 2021.

[2] ECF No. 28, filed April 12, 2021.

[3] ECF No. 32, filed April 28, 2021.

[4] ECF No. 33, filed April 28, 2021.

[5] Motion at 2.

which to file an objection to the Report and Recommendation.[6] Thus, any objection was due on April 27, 2021. Plaintiff did not file any objection within the allotted time. "Failure to object may constitute waiver of objections upon subsequent review."[7] Plaintiff's failure to object within the allotted time results in waiver of the current, untimely objection. The court adopted the Report and Recommendation and entered judgment in the case on April 28, 2021. Therefore, Plaintiff's contention that the judgment is void pursuant to Federal Rule of Civil Procedure 60(b)(4) is without merit.

Additionally, the only other objection filed by Plaintiff, untimely though it was, is styled as a "Rejection of Offer to Contract."[8] It characterizes Magistrate Judge Oberg's Report and Recommendation as an "attempt[] to contract" with Plaintiff.[9] It purports to "reject and rescind" the alleged "offer to contract."[10] In short, the only other putative objection to Judge Oberg's Report and Recommendation is entirely baseless, containing no facts or law which could conceivably support an objection to the Report and Recommendation, even if it had been timely filed.

For the foregoing reasons, Plaintiff's Motion is DENIED. This case remains closed. The Clerk's Office is directed not to receive further filings in this matter without direction from the court.

---

[6] Report and Recommendation at 9–10.

[7] *Id.* at 10; Fed. R. Civ. P. 72(b)(2)

[8] ECF No. 34, filed May 3, 2021.

[9] *Id.* at 2.

[10] *Id.*

Signed May 13, 2021.

BY THE COURT

_____
David Barlow
United States District Judge