Nathan S. Dorius (8977)
Andrew V. Collins (11544)
**MITCHELL BARLOW & MANSFIELD, P.C.**
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: ndorius@mbmlawyers.com
      acollins@mbmlawyers.com

*Attorneys for Movant/Interested Party*

# IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * *

| | | |
|---|---|---|
| PAUL KENNETH CROMAR, | ) | |
| | ) | |
| Plaintiff, | ) | **MOTION AND SUPPORTING** |
| | ) | **MEMORANDUM TO RELEASE** |
| vs. | ) | **NOTICE OF LIS PENDENS** |
| | ) | |
| KRAIG J. POWELL, | ) | |
| | ) | Case No. 2:20-cv-00625 |
| Defendant. | ) | |
| | ) | Judge: David Barlow |

Soapstone Real Estate, LLC, a Utah limited liability company ("Movant"), an interested

party, through its undersigned counsel, hereby moves this Court for an order releasing that

certain Notice of Lis Pendens recorded on October 23, 2020 in the Utah County Recorder's

office as Entry No. 166571:2020 (the "Lis Pendens"), pursuant to Utah Code Annotated 78B-6-

1304 and Federal Rule of Civil Procedure 7. This motion is more fully supported by the following memorandum and exhibits.

**STATEMENT OF PREFERRED DISPOSITION**

The Plaintiff herein, Paul Cromar, recorded a Notice of Lis Pendens in connection with the above-captioned case against real property owned by the Movant. At the time of recording of the Notice of Lis Pendens, the Plaintiff had no right, title or interest in the subject real property. Movant seeks by this motion to receive an order from the Court (a) releasing the Notice of Lis Pendens and (b) prohibiting the Plaintiff and his wife, Barbara Ann Cromar, from recording another notice of lis pendens against the subject real property without a court order authorizing them to do so.

**MEMORANDUM IN SUPPORT OF MOTION**

**I.     STATEMENT OF FACTS**

1.     On March 20, 2019, and following the entry of default judgment against Plaintiff herein and his wife, Barbara Ann Cromar (referred to herein as the "Cromars"), for failure to pay their federal income taxes, the United States District Court for the District of Utah (Case No. 2:17-cv-01223-RJS, herein the "Federal Litigation") entered an order of Foreclosure and Judicial Sale (the "Order of Foreclosure"), whereby the real property situated at 9870 N. Meadow Drive, Cedar Hills, Utah 84062 (the "Property") previously owned by the Cromars was to be sold at

public sale to the highest bidder. A copy of the Order of Foreclosure is attached hereto as <u>Exhibit A</u>.

2.      The Order of Foreclosure required all persons occupying the Property to "leave and vacate permanently the property no later than 15 days after the date of this Order, each taking with them his or her personal property." It also divested the Cromars of their right, title and interests in and to the Property. See <u>Exhibit A</u>.

3.      The sale of the Property was held on September 10, 2019, and on April 15, 2020, the Court in the Federal Litigation issued an Order Confirming Sale and Distributing Proceeds (the "Order Confirming Sale"). A copy of the Order Confirming Sale is attached hereto as <u>Exhibit B</u>.

4.      The Order Confirming Sale ordered that, upon delivery of the deed from the IRS to the successful purchaser, "all interests in, liens against, or claims to the property . . . that are held or asserted in this action by the United States or any of the Defendants are discharged and extinguished. On delivery of the [deed], the property shall be free and clear of the interests of all parties to this action." See <u>Exhibit B</u>.

5.      Movant's predecessor in interest, Copper Birch Properties, LLC ("Copper Birch"), was the successful purchaser of the Property and, pursuant to the Order Confirming Sale, the IRS prepared, executed and delivered to Copper Birch a Deed to Real Property (the

"Deed") on April 29, 2020, transferring title to the Property to Copper Birch. See Exhibit B. See also a copy of the recorded Deed attached hereto as Exhibit C.

6.      On July 7, 2020, Copper Birch caused Plaintiff herein to be personally served with a Notice to Quit (the "Notice to Quit") pursuant to §§ 78B-6-802.5 and 78B-6-805(1)(a). A true and correct copy of the Notice to Quit and accompanying return of service are attached hereto as Exhibit D.

7.      On July 13, 2020, Copper Birch filed an unlawful detainer action against the Cromars in the Fourth Judicial District Court of the State of Utah (Case No. 200400972). See copy of complaint on court docket.

8.       Following notice and a hearing, on August 18, 2020 the Defendant herein (Judge Kraig Powell) issued an Order of Restitution in favor of Copper Birch to remove the Cromars from the Property. A copy of the Order is attached hereto as Exhibit E.

9.      When the Cromars still refused to vacate the Property, Copper Birch's counsel scheduled a hearing before Judge Powell.

10.     At the conclusion of the hearing held on September 2, 2020, Judge Powell issued an Amended Final Order to Vacate Premises (the "Second Order"), which once again ordered that the Cromars be forcibly removed from the Property. A copy of the Second Order is attached hereto as Exhibit F.

11.     When the Cromars continued to refuse to vacate the Property, on or about September 24, 2020 the Cromars were forcibly removed from the Property by officers of the law pursuant to the Second Order. This fact is stated by Plaintiff Paul Cromar in the Lis Pendens, a copy of which is attached hereto as Exhibit G.

12.     On October 23, 2020, the Cromars caused the Lis Pendens to be recorded against the Property. See Exhibit G.

13.     On January 31, 2021, Copper Birch transferred title to the Property to the Movant herein, Soapstone Real Estate LLC. A copy of the recorded Quit Claim Deed is attached hereto as Exhibit H.

## II.     MEMORANDUM OF LAW

Section 78B-6-1304 provides in relevant part as follows:

(1) Any time after a notice has been filed pursuant to Section 78B-6-1303, any of the following may make a motion to the court in which the action is pending to release the notice: . . . (b) a person with an interest in the real property affected by the notice . . . (2) A court shall order notice of pendency of action released if: (a) the court receives a motion to release under Subsection (1); and (b) after a notice and hearing if determined to be necessary by the court, the court finds that the claimant has not established by a preponderance of the evidence the validity of the real property claim that is the subject of the notice."

On October 23, 2020, Plaintiff herein filed the Lis Pendens pursuant to Section 78B-6-1303. See Exhibit G. At the time of filing the Lis Pendens, Plaintiff had no interest in the Property. See Exhibits A, B, C, E, and F. To date, Plaintiff has no interest in the Property. See Exhibits A, B, C, E, and F; also, take judicial notice of the official records of the Utah County

Recorder which reflects title ownership in the Property currently vested in Movant. Pursuant to the Quit Claim Deed, Movant is a person with an interest in the Property affected by the Lis Pendens. Based upon the foregoing facts and law, Movant is entitled to an order from this Court releasing the Lis Pendens.

Utah Code Annotated 78B-6-1304 provides for the following additional relief to be granted to Movant: "(4) If a court releases a claimant's notice pursuant to this section, that claimant may not record another notice with respect to the same property without an order from the court in which the action is pending that authorizes the recording of a new notice of pendency." Therefore, Movant requests that the Court issue an order (a) releasing the Lis Pendens and (b) prohibiting the Cromars from recording another notice of lis pendens against the Property without a court order.

III.    CONCLUSION

Based upon the foregoing statement of facts and memorandum of law, and upon the exhibits attached hereto and documents on file with the Court, the Court should issue an order (a) releasing the Lis Pendens and (b) prohibiting the Cromars from recording another notice of lis pendens against the Property without a court order. Movant requests that the Court issue such order without the need of a hearing, as permitted under UCA 78B-6-1304(2)(b). A form of Order is attached hereto as Exhibit I and is being submitted concurrently herewith.

6

DATED this 24th day of May, 2021.

MITCHELL BARLOW & MANSFIELD, P.C.

_____/s/ Nathan S. Dorius_____
Nathan S. Dorius

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of May 2021, a true and correct copy of the foregoing

**Motion and Supporting Memorandum to Release Notice of Lis Pendens** were served as

follows on the following:

Via Regular U.S. Mail and Email
Paul Kenneth Cromar
9870 N. Meadow Drive
Cedar Hills, Utah 84062
kencromar@bluemoonprod.com
kencromar5@gmail.com

Barbara Ann Cromar
9870 N. Meadow Drive
Cedar Hills, Utah 84062
barbaracromar@gmail.com

Via the Court's Electronic Notice System
Judge Kraig J. Powell
Heather J. Chesnut

_____/s/ Nathan S. Dorius_____
Nathan S. Dorius

7

# **EXHIBIT A**

(Order of Foreclosure attached)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR; BARBARA ANN CROMAR; UTAH HOUSING FINANCE AGENCY; UNIVERSAL CAMPUS FEDERAL CREDIT UNION; STATE OF UTAH TAX COMMISSION; and UTAH COUNTY, UTAH;<br><br>Defendants. | **ORDER OF FORECLOSURE AND JUDICIAL SALE**<br><br><br>Case No. 2:17-cv-01223<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

This matter is before the court on the United States' Motion for Order of Foreclosure and Judicial Sale.[1]  Pursuant to the United States' Motion and the court's Default Judgment,[2] this Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28 U.S.C. §§ 2001 & 2002 and 26 U.S.C. §§ 7402 & 7403.  The court hereby ORDERS as follows:

1.     This Order pertains to real property owned by Paul Kenneth Cromar (the "Subject Property"), which is located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430 and is more particularly described in Paragraph 15 of the United States' Complaint.[3]

2.     The United States has valid and subsisting tax liens on all property and rights to property of Defendant Paul Kenneth Cromar, including the Subject Property,[4] arising from the

---

[1] Dkt. 103.

[2] Dkt. 96.

[3] Dkt. 2.

[4] *See* Dkt. 96 at ¶ 3.

assessments described in the United States' Complaint, which liens are effective as of the dates

of those assessments. The United States further protected its liens by filing Notices of Federal

Tax Liens with the Utah County Recorder's Office.

3.     As a result of their default, Defendants Barbara Ann Cromar and Universal

Campus Federal Credit Union have no interest in the Subject Property or the sale proceeds

therefrom.[5]

4.     Under 26 U.S.C. § 7403, the United States is entitled to enforce its liens against

the Subject Property in order to apply the proceeds towards the tax liabilities of Paul Kenneth

Cromar.

5.     The United States' federal tax liens against the Subject Property are hereby

foreclosed. The United States Marshal, his/her representative, or an Internal Revenue Service

Property Appraisal and Liquidation Specialist ("PALS") representative is authorized and directed

under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Subject Property free

and clear of the right, title, and interest of all parties to this action and any successors in interest

or transferees of those parties. The United States may choose either the United States Marshal or

a PALS representative to carry out the sale under this Order of Foreclosure and Judicial Sale and

shall make the arrangements for any sales as set forth in this Order. This Order of Foreclosure

and Judicial Sale shall act as a special writ of execution and no further orders or process from the

court shall be required.

6.     The United States Marshal, his/her representative, or a PALS representative is

authorized to have free access to the Subject Property and to take all actions necessary to

---

[5] *Id.* at ¶ 4.

preserve the Subject Property, including, without limitation, retaining a locksmith or other person to change or install locks or other security devices on any part thereof, until a deed thereto is delivered to the ultimate purchaser(s).

7.      The terms and conditions of the sale are as follows:

a.      Except as otherwise stated herein, the sale of the Subject Property shall be by public auction to the highest bidder, free and clear of all liens and interests of parties to this action, with the proceeds of such sale to be distributed in accordance with the priority of the lienholders set forth in paragraph 12, below.

b.      The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

c.      The sale shall be held at the United States District Court for the District of Utah, on the Subject Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

d.      Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Utah County, Utah, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice that it or its representative may deem appropriate.  State or local law notice requirements for foreclosures

or execution sales do not apply to the sale under federal law, and state or local law regarding redemption rights do not apply to this sale. The notice or notices of sale shall describe the Subject Property and shall contain the material terms and conditions of sale in this Order of Foreclosure and Sale.

e.    The minimum bid will be set by the Internal Revenue Service. If the minimum bid is not met or exceeded, the Marshal, his/her representative, or a PALS representative may, without further permission of this court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

f.    Bidders shall be required to deposit, at the time of sale with the Marshal, his/her representative, or a PALS representative, a minimum of 10 percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Utah. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS representative satisfactory proof of compliance with this requirement.

g.    The balance of the purchase price of the Subject Property in excess of the deposit tendered shall be paid to the Marshal or a PALS representative (whichever person is conducting the sale) within 30 days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the District of Utah. If the successful bidder or

bidders fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. §1921(c), with any amount remaining to be applied first to the federal tax liabilities of Paul Kenneth Cromar. The Subject Property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale or, in the alternative, sold to the second-highest bidder. The United States may bid as a credit against its judgment without tender of cash.

h.      The sale of the Subject Property shall not be final until confirmed by this court. The Marshal or a PALS representative shall file a report of sale with the court within 30 days from the date of receipt of the balance of the purchase price.

i.      Upon confirmation of the sale, the Marshal or PALS representative shall promptly execute and deliver a deed of judicial sale conveying the Subject Property to the purchaser or purchasers.

j.      Upon confirmation of the sale or sales, the interests of, liens against, or claims to the Subject Property held or asserted by the United States and any other parties to this action or any successors in interest or transferees of those parties shall be discharged and extinguished. The sale is ordered pursuant to 28 U.S.C. §2001. Redemption rights under state or local law shall not apply to this sale under federal law.

k.      Upon confirmation of the sale, the purchaser or purchasers are responsible for having the Recorder of Deeds of Utah County, Utah cause the transfer

of the Subject Property to be reflected in the Utah County property
records.

8.     Until the Subject Property is sold, Paul Kenneth Cromar shall take all reasonable
steps necessary to preserve the Subject Property (including all buildings, improvements, fixtures,
and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance
policies on the Subject Property.  He shall keep current in paying real property taxes as they are
assessed by Utah County.  He shall not commit waste against the Subject Property, nor shall he
cause or permit anyone else to do so.  He shall not do anything that tends to reduce the value or
marketability of the Subject Property, nor shall he cause or permit anyone else to do so.  He shall
not record any instruments, publish any notice, or take any other action that may directly or
indirectly tend to adversely affect the value of the Subject Property or that may tend to deter or
discourage potential bidders from participating in the public sale, nor shall he cause or permit
anyone else to do so.  Violation of this paragraph shall be deemed a contempt of court and
punishable as such.

9.     All persons occupying the Subject Property shall leave and vacate permanently
the property no later than 15 days after the date of this Order, each taking with them his or her
personal property (but leaving all improvements, buildings, fixtures, and appurtenances) when
leaving and vacating.  If any person fails or refuses to leave and vacate the Subject Property by
the time specified in this Order, the United States Marshal's Office or his/her representative is
authorized to take whatever action it deems appropriate to remove such person or persons from
the premises, whether or not the sale of such property or properties is being conducted by a
PALS representative.  If any person fails or refuses to remove his or her personal property from
the Subject Property by the time specified herein, the personal property remaining at the Subject

6

Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office, his/her representative, or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

10.     Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the Subject Property is confirmed by this court, the Subject Property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the Subject Property to the purchaser or purchasers thereof.

11.     If any person occupying the Subject Property vacates the Subject Property prior to the deadline set forth in Paragraph 9, above, such person shall notify counsel for the United States no later than two business days prior to vacating the property of the date on which he or she is vacating the property.  Notification shall be made by leaving a message for counsel for the United States, Ryan S. Watson, at (202) 514-5173.

12.     The Marshal, his/her representative, or a PALS representative, shall deposit the amount paid by the purchaser or purchasers into the registry of the court.  Upon appropriate motion for disbursement or stipulation of the parties, the court will disburse the funds in the following order of preference until these expenses and liens are satisfied: first, to the IRS for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. §1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the real property at issue pending sale and confirmation by the court; second, to Utah County for *ad valorem* property tax or special assessment liens upon the real property entitled to priority over prior security interests, as provided by 26 U.S.C. § 6323; and third, to the United States of

America to satisfy or partially satisfy the federal tax liabilities of Paul Kenneth Cromar, at issue

herein. Should there then be any remaining proceeds, those proceeds will be held by the court

pending further motion by the parties.

     SO ORDERED this 20th day of March, 2019.

                BY THE COURT:

                ROBERT J. SHELBY
                United States Chief District Judge

## **EXHIBIT B**

(Order Confirming Sale attached)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>PAUL KENNETH CROMAR, BARBARA ANN CROMAR, UTAH HOUSING FINANCE AGENCY, UNIVERSAL CAMPUS FEDERAL CREDIT UNION, STATE OF UTAH, TAX COMMISSION, AND UTAH COUNTY, UTAH,<br><br>    Defendants. | **ORDER CONFIRMING SALE AND DISTRIBUTING PROCEEDS**<br><br>Case No. 2:17-cv-01223-RJS<br><br>Chief Judge Robert J. Shelby |

On March 20, 2019, the court entered an Order of Foreclosure and Judicial Sale.[1]  The Order directed the United States to sell Paul Kenneth Cromar's property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430 (the property), which is more particularly described as:

> Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.

The court now has before it the United States' Motion for Order Confirming Sale and Distributing Proceeds,[2] together with Defendants Paul Kenneth Cromar and Barbara Ann Cromar's Objection to Plaintiff's Motion for Disbursement and Rejection of Default Judgment for Fraud and Swindle in Dishonor.[3]  Upon review, the Cromars' Objection raises no evidentiary objections to the United States' Motion and offers no legal or factual arguments justifying denial

---

[1] Dkt. 104.

[2] Dkt. 117.

[3] Dkt. 118.

1

of the Motion.[4]  Instead, the Objection relies on the same frivolous arguments the Cromars have

raised throughout this case, i.e., that their due process rights have been violated and this court lacks

subject matter jurisdiction over this case.[5]  But this court and the Tenth Circuit have repeatedly

rejected these arguments, and the court declines to readdress the arguments here other than to note

that they unequivocally fail.[6]  For that reason, the Motion is substantially unopposed and is well

taken. Therefore, for good cause appearing, the United States' Motion is GRANTED as follows:

IT IS ORDERED THAT the sale on September 10, 2019, of the property was properly

conducted, and the sale is hereby confirmed.

IT IS FURTHER ORDERED THAT the Internal Revenue Service is authorized to execute

and deliver to the purchaser a Certificate of Sale and Deed conveying the property to the purchaser

or assignee(s).

IT IS FURTHER ORDERED THAT, on delivery of the Certificate of Sale and Deed, all

interests in, liens against, or claims to the property (including the June 28, 2019 *lis pendens* that

Paul Kenneth Cromar filed in Utah County, Utah, and that is attached in Exhibit H to the United

States' Motion) that are held or asserted in this action by the United States or any of the Defendants

are discharged and extinguished.  On the delivery of the Certificate of Sale and Deed, the property

shall be free and clear of the interests of all parties to this action.

---

[4] *See id.*

[5] *See id.*

[6] *See United States v. Cromar*, Case No. 2:17-cv-01223, 2020 WL 1488763 (10th Cir. Mar. 26, 2020) (unpublished); *see also United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 3719258 (D. Utah Aug. 3, 2018); *United States v. Cromar*, Case No. 2:17-cv-01223, 2018 WL 9371363 (D. Utah May 14, 2018).  The Cromars make other similarly frivolous arguments based on the misapplication of various statutory provisions and improperly include requests for relief in their Objection.  *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum.").

IT IS FURTHER ORDERED THAT possession of the property sold shall be yielded to the purchaser or assignee(s) upon the production of a copy of the Certificate of Sale and Deed; if there is a refusal to so yield, a Writ of Assistance may, without further notice, be issued by the Clerk of Court to compel delivery of the property to the purchaser or assignee(s).

IT IS FURTHER ORDERED THAT the proceeds of the sale on September 10, 2019, of the property shall be distributed by the Clerk of Court as follows:

1.    First, by check made payable to the "Internal Revenue Service" in the amount of $683.80 for costs of sale, mailed to:

> Internal Revenue Service
> c/o Gary Chapman
> IRS Property Appraisal & Liquidation Specialist
> 1201 Pacific Ave., Suite 550, M/S W802
> Tacoma, WA 98402

2.    Second, by check made payable to "Utah County, Utah" in the amount of $2,114.49, as of March 3, 2020, plus an additional $0.44 for each day past March 3, 2020, mailed to:

> Utah County Treasurer
> 100 E. Center Street, Suite 1200
> Provo, Utah 84606

3.    Third, by check made payable to the "United States Department of Justice," with "*United States v. Cromar, et al.*, Case No. 2:17-cv-01223" written in the memo field, in the amount of the remaining proceeds from the sale, mailed to:

> Department of Justice, ATTN: TAXFLU
> P.O. Box 310 – Ben Franklin Station
> Washington, DC 20044

SO ORDERED this 15th day of April 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

## **EXHIBIT C**

(Recorded Deed attached)



ENT **56957:2020** PG 1 of 2
**Jeffery Smith**
**Utah County Recorder**
2020 Apr 29 02:26 PM FEE 40.00 BY MA
RECORDED FOR Mitchell Barlow & Mansfield, P.C.
ELECTRONICALLY RECORDED

### DEED TO REAL PROPERTY

THIS INDENTURE made this 24th day of April 2020, by and between Andrea Ventura, Advisory Manager, Southwestern, on behalf of the Director, Southwestern Area Collection of Internal Revenue Service a duly authorized delegate of the Department of the Treasury, grantor; and Copper Birch Properties, LLC, grantee.

### WITNESSETH

WHEREAS, the United States District Court for the District of Utah, in a judicial order of sale entered on March 20, 2019 in the case of United States of America v. Paul Kenneth Cromar, et al. Defendants, ordered that the subject property located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430, the hereinafter described real property sold in order to pay delinquent Internal Revenue income tax liabilities assessed against Paul Kenneth Cromar.

AND WHEREAS, the said property was sold on September 10th, 2019, to Copper Birch Properties, LLC, for the sum of $331,000.00, the receipt of which is hereby acknowledged, does grant, bargain, and sell to Copper Birch Properties, LLC all right, title, and interest in the real property, in Cedar Hills, Utah County, State of Utah, described as:

Legal Description:

**Lot 3, Plat "C", Amended North Meadows Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.**

The property commonly known as **9870 N. Meadow Drive, Cedar Hills, Utah 84062-9430.**

IN WITNESS WHEREOF, the grantor has hereunto set her hand on the 24th day of

April, 2020.


_Andrea Ventura_
Official Signature
Andrea Ventura

Title: Advisory Manager, Southwestern
Internal Revenue Service


**Notary**


State of Colorado
County of __Jefferson__

Signed and sworn to before me on the __13__ day of __April__ , 2020, by Andrea
Ventura, who appeared before me, being by me duly sworn, did say that she is the
Advisory Manager Southwestern signing on behalf of the Director, Southwestern Area
Collection of Internal Revenue Service, a duly authorized delegate of the United States
of America, and that said instrument was signed on behalf of the United States of
America by authority of its laws and regulations promulgated thereunder, and is the free
act and deed of said body politic.


NOTARY PUBLIC's Official Signature

__08 / 06 / 2023__
Commission Expiration

JUSTIN MATTHEW ARREOLA
Notary Public
State of Colorado
Notary ID # 20194029891
My Commission Expires 08-06-2023

## **EXHIBIT D**

(Notice to Quit attached)

# NOTICE TO QUIT

**TO:**   **PAUL KENNETH CROMAR, BARBARA ANN CROMAR,** and any and all other occupants, tenants and residents of the following address:

9870 N. Meadow Drive, Cedar Hills, UT 84062 (the "Premises")

*Pursuant to that certain Order of Foreclosure and Judicial Sale issued on March 20, 2019, your home at the above Premises address was sold to the assignee of the highest bidder, Copper Birch Properties, LLC, and you were ordered to vacate the Premises permanently. Pursuant to that certain Order Confirming Sale and Distributing Proceeds issued on April 15, 2020, the court confirmed the sale of the Premises to Copper Birch Properties, LLC, all of your rights and interests in the Premises were discharged and extinguished, and you were ordered to deliver possession of the Premises to Copper Birch Properties, LLC upon production of a copy of the deed. On May 5, 2020, you were provided with a copy of the deed transferring title to the Premises to Copper Birch Properties, LLC and a demand to vacate the Premises. You refused to vacate the Premises. Pursuant to Utah Code Annotated 78B-6-802.5, YOU MUST DO THE FOLLOWING:*

All tenants, residents and occupants are required to **vacate the above Premises** by **5:00 p.m. on the third calendar day following service of this Notice to Quit on you**.

**In the event you and any other tenants, residents and occupants fail** to comply with this notice, each will be in violation of Utah Code Annotated 78B-6-801 et seq. and in unlawful detainer of the Premises, and you will be served with a Summons and Complaint. Utah law provides for damages equal to three times the amount of rent and damages due for unlawful detainer. The undersigned will institute legal action to obtain restitution of the Premises and a judgment for all rent, damages (including any waste), court costs, future rent, attorney fees and costs, and such other sums as provided for under Utah law.

**This is a legal document. Please read and comply with the terms herein.**

All communications should be directed to:

Nathan S. Dorius
Mitchell Barlow & Mansfield, P.C.
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Tel: (801) 998-8888
Email: ndorius@mbmlawyers.com

DATED this 6th day of July, 2020.

MITCHELL BARLOW & MANSFIELD, P.C.

Nathan S. Dorius

## **Return of Service**

On the _____ day of July, 2020, I swear and attest that I did serve this Notice to Quit in compliance with the provisions of Utah Code Annotated Sections 78B-6-801 et seq. by:

_____ delivering a copy to the resident/occupant personally; OR

_____ sending a copy by registered mail, certified mail, or an equivalent means, addressed to the tenant at the tenant's residence; OR

_____ leaving a copy with a person of suitable age and discretion at the tenant's residence; OR

_____ affixing a copy in a conspicuous place on the above address after failing to find a person of suitable age and discretion therein.

_____
Signature of Server

7/8/2020

## TD's Legal Process
## &
## Investigations

P.O. Box 18118

Salt Lake City, Utah 84118

Office: 964-9393 Fax: 964-9353

Cell: 347-1038

### Return of Service

| | | |
|---|---|---|
| ROS# 157506 | Mitchell Barlow & Mansfield, P.C | |
| Rcvd: 7/06/2020 | Nine Exchange Place, ste. 600 | |
| | S.L.C., UT 84111 | 801-998-8888 |
| Attn: Becca | | |
| Case: | Civil# | Doc# |

| Plaintiff(s) | VS | Defendant(s) |
|---|---|---|
| Copper Birch Properties, LLC | | Paul Kenneth Cromar, Barbara Ann Cromar and any and all other occupants, tenants and residents of the following address; |

**Process:** NOTICE TO QUIT

**To:** **Paul Kenneth Cromar**

The undersigned Person Hereby Certifies:

I am, at the time of service, a duly qualified Process server / Private investigator over 21 years of age and am not a party to the above action being taken. I have endorsed each copy served with the date, time and my signature.

**Title:** Process Server and/or Private Investigator

I Served: Paul K Cromar

Date: 7/07/2020          Time: 1110

Address: 9870 no. Meadow Dr. Cedar Hills, Ut 84062

Phone:          Work:

**Type of Service:** **Personally Served**

Todd Oram, Private Investigator - G101060

Subscribed and Sworn Before Me This 8th Day of July 2020

Notary public residing in Salt Lake County. My commision expires 02/05/2023

LINDA ALVEY
NOTARY PUBLIC - STATE OF UTAH
My Comm. Exp. 02/05/2023
Commission # 704450

| Service fee: $ 15.00 | Milage Fee: $ 34.00 | Other fee: $ 0.00 | Rush Fee: $ 0.00 | |
|---|---|---|---|---|
| Addresses: 1 | Attempts: 1 | Attempts Charged: 1 | Total Mileage: 34 | |

**Total Due:** **$ 50.00**

Comments:   See all notes on page 2

2

**TO: Paul Kenneth Cromar, Barbara Ann Cromar, and any and all other occupants, tenants and residents of the following address**

**PROCESS:** Notice to Quit
**Case No. N/A**

COMMENT:
### 9870 n Meadow Dr. Cedar Hills, Utah 84062

7/07/2020 @ 1106 - I knocked on the door. A older female came to the door, but did not open it. She asked me through the door who I was and what I wanted. I asked her if she was Barbara. She replied yes. I asked if Paul was her husband - she said yes. I told her I had papers/documents for her and her husband. I then told her who I was and that I was from a Legal Process company. She said she would be right back. A minute later she came back to the door and told me to leave the property!!! She said her husband will come out to talk to me. I asked again your husband is Paul? She again said yes and you need to leave the property!!!! You are TRESPASSING!!! I walked down the driveway towards the street and stood at the end of the driveway and partially on the sidewalk. A few minutes later a male came out with a phone/camera video me. I asked him if he was Paul. He replied yes. I told him I had documents/papers for him and Barbara. He ( Paul ) said you can send them in the mail. I ( Todd ) said no I can not. He told me again I was Trespassing and to get off his property!!! He asked me who the papers where from. I told him I do not know I am just delivering them. I opened up the documents and told him the name of the Attorney Firm. He said again send them in the mail! I again told him no I can not do that I have to leave them. I started filling out the service stamps. Barbara was at the front door also videoing me. Paul would not take the papers. I put them on the driveway in front of him. He said am I officially served. I said yes. He ran out to my car ( that was parked in front of his house) and threw some papers in my car and said that I was officially served. I got in my car and picked up the papers and  tossed them on the ground. I thought they was the documents I had just served to him. When I looked at them again as they hit the ground I noticed they was not the documents I had just served. I opened up my door and picked them up and told Paul I will give these to the Attorney. He told me DO NOT EVER COME BACK TO THIS PROPERTY AGAIN YOU ARE TRESPASSING!!!!! I told him do not worry I probably will not come back but you will probably see the Sheriffs. He ran in front of my car and started taking pictures of my License plate and video me driving away. I left and went down the street and then turned around to go back by the house and took a couple pictures.

# NOTICE TO QUIT

TO:   **PAUL KENNETH CROMAR, BARBARA ANN CROMAR,** and any and all other occupants, tenants and residents of the following address:

9870 N. Meadow Drive, Cedar Hills, UT 84062 (the "Premises")

*Pursuant to that certain Order of Foreclosure and Judicial Sale issued on March 20, 2019, your home at the above Premises address was sold to the assignee of the highest bidder, Copper Birch Properties, LLC, and you were ordered to vacate the Premises permanently. Pursuant to that certain Order Confirming Sale and Distributing Proceeds issued on April 15, 2020, the court confirmed the sale of the Premises to Copper Birch Properties, LLC, all of your rights and interests in the Premises were discharged and extinguished, and you were ordered to deliver possession of the Premises to Copper Birch Properties, LLC upon production of a copy of the deed. On May 5, 2020, you were provided with a copy of the deed transferring title to the Premises to Copper Birch Properties, LLC and a demand to vacate the Premises. You refused to vacate the Premises. Pursuant to Utah Code Annotated 78B-6-802.5, YOU MUST DO THE FOLLOWING:*

All tenants, residents and occupants are required to **vacate the above Premises** by **5:00 p.m. on the third calendar day following service of this Notice to Quit on you.**

**In the event you and any other tenants, residents and occupants fail** to comply with this notice, each will be in violation of Utah Code Annotated 78B-6-801 et seq. and in unlawful detainer of the Premises, and you will be served with a Summons and Complaint. Utah law provides for damages equal to three times the amount of rent and damages due for unlawful detainer. The undersigned will institute legal action to obtain restitution of the Premises and a judgment for all rent, damages (including any waste), court costs, future rent, attorney fees and costs, and such other sums as provided for under Utah law.

**This is a legal document. Please read and comply with the terms herein.**

All communications should be directed to:

Nathan S. Dorius
Mitchell Barlow & Mansfield, P.C.
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Tel: (801) 998-8888
Email: ndorius@mbmlawyers.com

DATED this 6th day of July, 2020.

MITCHELL BARLOW & MANSFIELD, P.C.

Nathan S. Dorius

TIME _1110_   DATE _7-7-2020_
SERVED _Paul Cromar_
RELATIONSHIP _Self_
ADDRESS _9870 Meadow Dr_
_Cedar_
TD's LEGAL PROCESS LLC   SERVER   964-9393
_Cedar Hills_

157506

**Return of Service**

On the _____ day of July, 2020, I swear and attest that I did serve this Notice to Quit in compliance with the provisions of Utah Code Annotated Sections 78B-6-801 et seq. by:

_____   delivering a copy to the resident/occupant personally; OR

_____   sending a copy by registered mail, certified mail, or an equivalent means, addressed to the tenant at the tenant's residence; OR

_____   leaving a copy with a person of suitable age and discretion at the tenant's residence; OR

_____   affixing a copy in a conspicuous place on the above address after failing to find a person of suitable age and discretion therein.


_____
Signature of Server

# **EXHIBIT E**

(Order attached)

The Order of the Court is stated below:
**Dated:** August 18, 2020          **/s/**   KRAIG POWELL
                    05:59:57 PM                    District Court Judge

Nathan S. Dorius (8977)
Andrew V. Collins (11544)
**MITCHELL BARLOW & MANSFIELD, P.C.**
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: ndorius@mbmlawyers.com
          acollins@mbmlawyers.com

*Attorneys for Plaintiff*

### IN THE FOURTH JUDICIAL DISTRICT COURT OF UTAH COUNTY

### STATE OF UTAH

### * * * * * * *

| | | |
|---|---|---|
| COPPER BIRCH PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER OF RESTITUTION** |
| | ) | |
| vs. | ) | |
| | ) | Civil No. 200400972 |
| PAUL KENNETH CROMAR, an | ) | |
| individual; BARBARA ANN CROMAR, an | ) | Judge: Kraig Powell |
| individual; and DOES 1 – 10, | ) | |
| | ) | Tier 1 |
| Defendants. | ) | |
| | ) | |
| | ) | |

**THE STATE OF UTAH TO THE FOLLOWING NAMED DEFENDANTS:**

**PAUL KENNETH CROMAR and BARBARA ANN CROMAR
and ALL OTHER OCCUPANTS
of 9870 N. Meadow Drive, Cedar Hills, Utah 84062**

**IT IS HEREBY ORDERED** that the above-identified Defendants must vacate the

premises located at **9870 N. Meadow Drive, Cedar Hills, Utah 84062**, remove your personal property, and restore possession of the premises to Plaintiff, ***within three (3) calendar days***, or be forcibly removed by a sheriff or constable. Furthermore, you have the right to a hearing to contest the manner of enforcement of the Order of Restitution. A form for requesting a hearing, together with a copy of this Order of Restitution, will be served upon you in accordance with Utah Code Ann. § 78B-6-812.

If you fail to immediately comply with this Order of Restitution following its service upon you, the sheriff or constable may, at the direction of Plaintiff, enter the premises by force using the least destructive means possible to remove you, your personal property, and any persons claiming a right to occupancy from you.

**TO THE SHERIFF OF UTAH COUNTY:**

If Defendants, after being served with the Order of Restitution in accordance with Utah Code Ann. § 78B-6-812, fail to comply within the time prescribed above, YOU ARE COMMANDED to, at Plaintiff's direction, enter the premises by force using the least destructive means possible to remove Defendants, any personal property, and any persons claiming a right to occupancy from Defendants.

**Executed and entered by the Court as indicated by the date and seal above.***

# **EXHIBIT F**

(Second Order attached)

The Order of the Court is stated below:
Dated: September 02, 2020                              At the direction of:
        04:28:52 PM                      /s/     KRAIG POWELL
                                                 District Court Judge
                              by
                                        /s/     MINDY IGE
                                                 District Court Clerk

## 4TH DISTRICT COURT - PROVO
## UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| COPPER BIRCH PROPERTIES LLC, <br> Plaintiff, <br><br><br> vs. <br> PAUL KENNETH CROMAR, <br> Defendant. | RULING <br> AMENDED - FINAL ORDER TO VACATE PREMISES <br><br> Case No: 200400972 <br> Judge: POWELL, KRAIG <br> Date: September 2, 2020 |

Pursuant to Utah Code Section 78B-6-812, the Court held a hearing on September 2, 2020 regarding the manner of enforcement of the order of restitution in this case. Having heard the arguments of the parties, the Court now finds, concludes and orders as follows:

1 - Plaintiff Copper Birch Properties, LLC filed its Complaint with the Court on July 13, 2020.

2 - Both Defendants Paul Kenneth Cromar and Barbara Ann Cromar were properly served with the Summons and Complaint on July 13, 2020.

3 - Defendants filed their responsive pleading to the Complaint with this Court on July 16, 2020.

4 - On July 21, 2020, plaintiff filed a request for expedited hearing to determine who has the right of occupancy of the property during the pendency of the litigation.

5 - On August 11, 2020, the Court issued notice of the occupancy hearing to be held on August 18, 2020 at 3:15 p.m.

6 - The Clerk of Court mailed notice of the occupancy hearing to defendants on August 11, 2020.

7 - The Clerk of Court also emailed notice of the occupancy hearing to defendants on August 11, 2020.

8 - On August 14, 2020, defendant Mr. Cromar contacted the Court Clerk and stated that he had just received notice of the hearing and that he did not have enough time to prepare for the hearing. The Clerk instructed Mr. Cromar that the judge had decided that the hearing would go forward as scheduled.

9 - At the occupancy hearing on August 18, 2020, defendants failed to appear.

10 - At the occupancy hearing on August 18, 2020, the Court heard argument from plaintiff.

11 - At the conclusion of the occupancy hearing on August 18, 2020, the Court ruled in favor of plaintiff's arguments regarding unlawful detainer by defendants and granted plaintiff's motion for an order of restitution restoring the premises to plaintiff.

12 - On August 18, 2020, the Court signed the Order of Restitution restoring the premises to plaintiff.

13 - On August 19, 2020, the Order of Restitution was properly served upon both defendants.

14 - On August 20, 2020, defendants filed on objection to the Order of Restitution.

15 - On August 26, 2020, plaintiffs filed a request for expedited hearing on plaintiff's objection, pursuant to Utah Code Section 78B-6-812.

16 - On August 28, 2020, the Clerk issued and mailed, and e-mailed, to defendants, notice of the

hearing on the objection, to be held September 2, 2020, at 3:00 p.m.

17 - Defendants have filed several documents with the Court in this case. Many of the documents are unintelligible to the Court and do not comport with the Utah Rules of Civil Procedure. Having reviewed all of defendants' filings with this Court, the Court rules that none of the filings by defendants disprove the claim of unlawful detainer alleged in plaintiffs' complaint.

18 - On September 1, 2020, defendants filed a motion with the Court to continue the hearing on the objection. The grounds stated for the motion to continue are that defendants expected the hearing to be held in person and not via remote Webex transmission. Defendants also argue that they did not have sufficient notice of the hearing on the motion to continue.

19 - The Court finds no merit to defendant's arguments in the motion to continue, because adequate notice was given, and a Webex hearing is easy to attend, and also because defendants have waived their objections by appearing and presenting arguments at today's hearing.

20 - At the hearing on the objection, defendants argued that the attorney for the plaintiff was not an authorized attorney. The Court overruled this objection, finding that counsel is an authorized member of the Utah State Bar.

21 - At the hearing on the objection, defendants argued that the Court is not a lawful judge in the State of Utah. The Court overruled the objection.

22 - At the hearing on the objection, defendants argued that because they had sued the judge, and the court clerk, and opposing counsel in this case, and because these individuals are now in default, all proceedings in this case are now null and void and these individuals must recuse themselves. The Court finds no basis in law for such an argument and overrules this objection.

23 - As to the Order of Restitution, the Court finds that defendants are in unlawful detainer because they failed to comply with a lawful order to vacate the premises.

24 - The Court also finds that the Order of Restitution was properly served and issued.

25 - The Court orders defendants Mr. and Ms. Cromar to vacate the premises located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062 no later than 5:00 p.m. on Saturday, September 5, 2020.

26 - The Court authorizes law enforcement to enter the premises and forcibly remove defendants if they fail to comply with this order.

27 - This is the final, enforceable order of the Court, effective immediately, and no further order is necessary to effectuate the order of restitution and this order to vacate the premises located at 9870 N. Meadow Drive, Cedar Hills, Utah 84062.

**End Of Order - Signature at the Top of the First Page**

**CERTIFICATE OF NOTIFICATION**

I certify that a copy of the attached document was sent to the following people for case 200400972 by the method and on the date specified.
EMAIL: BARBARA ANN CROMAR barbaracromar@gmail.com
EMAIL: PAUL KENNETH CROMAR KENCROMAR5@GMAIL.COM

EMAIL: ANDREW COLLINS ACOLLINS@MBMLAWYERS.COM
EMAIL: NATHAN DORIUS NDORIUS@MBMLAWYERS.COM
EMAIL: PAUL KENNTH CROMAR kencromar5@bluemoonprod.com

Date: _____09/02/20_____          _____/s/ MINDY IGE_____
                                                    Signature

# **EXHIBIT G**

(Notice of Lis Pendens attached)



RECEIVED CLERK

OCT 2 1 2020

U.S. DISTRICT COURT

Paul-Kenneth: Cromar.

the secured party of the name "PAUL KENNETH CROMAR",

c/o  9870 N. Meadow Drive

Cedar Hills, Utah-state:  uSA [84062]

ENT 166571:2020 PG 1 of 4
JEFFERY SMITH
UTAH COUNTY RECORDER
2020 Oct 23 3:44 pm FEE 40.00 BY MA
RECORDED FOR CROMAR KEN



# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **Paul-Kenneth: Cromar,**<br>**Plaintiff,**<br><br>v.<br><br>**Kraig J. Powell,**<br>**Defendant.** | **CIVIL CLAIM**<br>**CASE NO.: 2:20-cv-00625.**<br><br># NOTICE<br># OF LIS PENDENS |

## To those concerned,

**Please take notice** that a lawsuit was commenced in the Utah Fourth District Court in Provo on July 13, 2020 [Case No: 200400972] by COPPER BIRCH PROPERITES LLC against the "PAUL KENNETH CROMAR" and "BARBARA ANN CROMAR", which is now pending, wherein the above named living man Kraig J. Powell, who sometimes acts as a Utah state judge, and currently sits on that unresolved named case despite a conflict of interest acknowledged on the record of the court and as outlined in a **Motion for New Trial, Recusal of Judge,** and **Stay of Judgment** *(emphasis added)*, is named in the above captioned Civil Claim Case No.: 2:20-cv-00625 in federal district court in Salt Lake City, Utah.

The general object of the above captioned suit is to obtain a judgment and other ancillary relief including, but not limited to, judgment establishing Mr. Powell's agreement of fraud, and

1

possible felony and RICO violations, within the state court case including **Order of Restoration** by Powell, despite the Plaintiff's (defendant) clear and undisputed Superior LAND PATENT Title part and parcel #392 in the state of Utah, supported by 180 years of **unanimous** Supreme Court opinions, regarding the property commonly known as:

## 9870 N. Meadow Drive, Cedar Hills, Utah 84062

That action names the above captioned parties and is itself pursued as a:

## CIVIL CLAIM

The lawful remedies to this CIVIL CLAIM are provided in great detail in the **PUBLIC NOTICE, DECLARATIONS, MANDATES, AND LAWFUL PROTEST** and a **NOTICE OF DEFAULT, ACCEPTANCE OF AGREEMENT, AND INTENT TO COLLECT** [both are private communications Mr. Powell chose to add to case #200400972 docket public record], with one additional demand of one silver dollar in lawful money as described in the Constitution, for each and every minute from the EXACT minute of the court's SUMMONS is Serviced to Mr. Kraig J. Powell until such time as this CIVIL CLAIM is resolved and paid in FULL.

**Additionally, there are a number of cases** *(listed below)* past, currently active, and forthcoming, with the intent to reach the Supreme Court if necessary, to obtain heretofore **denied** *due process* and *Trial by Jury,* all related to the Plaintiff Cromar family's pursuit of Constitutional *(anno domini 1787)* Justice protection of their Lives, Liberty and ("Meadow Drive") Property. Litigation has been on-going in this legal action since 2017 *(and earlier as noted below)* including the above captioned case has not yet been calendared in the US DISTRICT Court.

(NOTE related cases in Plaintiff's pursuit of Justice includes: UTAH FOURTH JUDICIAL DISTRICT COURT (Provo) civil cases #190400494, #196410645 #200400972, #201402860 & #201402868, – and in U.S. DISTRICT COURT (SLC) 2:09-cv-1102, 2:17-cv-01223-RJS-EJF, 2:19-cv-0255-TDD, 2:20-cv-224, 2:20-cv-625, – and in Utah County Justice Court, Fourth Judicial District, Utah County, #208100052.)

2

The said lands and premises to be affected by said suit in Utah County and the federal courts, are "legally" described as follows:

### Lot: 3  Plat "C",
### Amended North Meadow Estates Subdivision
### 47:059:0003

Also known as:

### 9870 N. Meadow Drive, Cedar Hills, Utah 84062

This *LIS PENDENS* Notice provides all potential purchasers and lien holders with **constructive legal Notice** that there is ongoing litigation affecting the real estate, and those that those persons claiming a subsequent interest, take a subordinated interest to the plaintiff's interest post litigation. If the Plaintiff prevails in the action(s), the Plaintiff would have priority over any alleged "purchasers" or "sales", judgments, orders, final judgments, etc., by inferior courts surrounding this prevailing *Lis pendens*.  (Note: June 25, 2019 a related *NOTICE OF LIS PENDENS* was filed in US District Court on 2:19-cv-00255-BCW, and filed on June 26, 2019 on the Utah County Record on the above property where it remains on the record under "ENT 58695:2019".)   In other words, "Buyer Beware", final adjudication regarding the NON-abandoned Cromar claimed home/property at address above – remains in question.

In sum, "the primary purpose of the NOTICE of *Lis pendens* is to preserve the property which is the subject matter of the lawsuit from actions of the property owner so that full judicial relief can be granted, if the plaintiff prevails." A *Lis pendens* may be filed in an action affecting real estate and, in the State of Utah, is governed by statute under Utah Code, Title 78B - Judicial Code, Chapter 6, Part 13, Section 1303 *Lis pendens – Notice*.

*Sworn* and submitted this 21st day of October 2020, by:

by Paul-Kennet C         and      by: Barbara-Ann: Cromar .
Paul-Kenneth: Cromar                    Barbara-Ann: Cromar
c/o 9870 N. Meadows Dr.                c/o 9870 N. Meadows Dr.
Cedar Hills, Utah state [84062]        Cedar Hills, Utah state [84062]

3

# CERTIFICATE OF SERVICE

I, Paul Kenneth Cromar certify that a true copy of the attached *Notice of Lis Pendens* has been served via regular US postal service to the following:


HEATHER J. CHESNUT (6934)
  Assistant Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856


SEAN D. REYES
  Utah Attorney General
Utah State Capitol Complex
350 North State Street, Suite 230
Salt Lake City, UT 84114-2320


WILLIAM P. BARR
  UNITED STATES - Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


by: *[signature]*
;Paul-Kenneth: Cromar
c/o 9870 N. Meadow Drive
Cedar Hills, Utah state [84062]


October 21, 2020

4

## **EXHIBIT H**

(Recorded Quit Claim Deed attached)

**WHEN RECORDED, MAIL TO:**
John R. Barlow
Mitchell Barlow & Mansfield, P.C.
Nine Exchange Place, Suite 600
Salt Lake City, UT 84111

```
ENT21305:2021  PG 1 of 1
Andrea Allen
Utah County Recorder
2021 Feb 03 03:35 PM FEE 40.00 BY DA
RECORDED FOR Mitchell Barlow & Mansfield, P.C.
ELECTRONICALLY RECORDED
```

PARCEL NO. 47:059:0003

## QUIT CLAIM DEED

Copper Birch Properties, LLC, a Utah limited liability company, GRANTOR, hereby Quit-Claims to Soapstone Real Estate LLC, a Utah limited liability company, GRANTEE, of 1159 North 1100 East American Fork, Utah 84601, for the sum of Ten and no/100 DOLLARS ($10.00) and other good and valuable consideration, the real property in Utah County, State of Utah, described more particularly as follows:

Lot 3, Plat "C", Amended North Meadow Estates Subdivision, according to the official plat thereof on file in the office of the Recorder, Utah County, Utah.

WITNESS the hand of said Grantor, this _31_ day of January, 2021.

COPPER BIRCH PROPERTIES, LLC

By: _____
Name: Brett Belliston
Title: Manager

STATE OF UTAH          )
                       : ss.
COUNTY OF UTAH         )

On the _31_ day of January, 2021, appeared before me Brett Belliston, the manager of Copper Birch Properties, LLC, personally known to me, or proved to me on the basis of satisfactory evidence, and who by me duly sworn/affirmed, did say that the foregoing document was signed by him, and acknowledged to me that he executed the same on behalf of such company.

_____
NOTARY PUBLIC

LYNETTE HILGENBERG
NOTARY PUBLIC · STATE OF UTAH
COMMISSION# 699114
COMM. EXP. 04-14-2022

**<u>EXHIBIT I</u>**

(Proposed Order attached)

Nathan S. Dorius (8977)
Andrew V. Collins (11544)
**MITCHELL BARLOW & MANSFIELD, P.C.**
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 998-8888
Facsimile: (801) 998-8077
Email: ndorius@mbmlawyers.com
      acollins@mbmlawyers.com

*Attorneys for Movant/Interested Party*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * *

| | |
|---|---|
| PAUL KENNETH CROMAR, | ) |
| Plaintiff, | ) **ORDER GRANTING MOTION TO RELEASE NOTICE OF LIS PENDENS** |
| vs. | ) |
| KRAIG J. POWELL, | ) |
| Defendant. | ) Case No. 2:20-cv-00625 |
| | ) Judge: David Barlow |

Based upon the Motion and Supporting Memorandum to Release Notice of Lis Pendens

filed by the interested party, Soapstone Real Estate LLC, and related memoranda filed in

response thereto, good cause otherwise appearing, and it further appearing that proper notice of

17

the Motion was given to all parties entitled thereto; it is hereby ordered, adjudged and decreed as follows:

      1.      The Motion to Release Notice of Lis Pendens is hereby granted in its entirety.

      2.      The Notice of Lis Pendens recorded on October 23, 2020 in the Utah County Recorder's office as Entry No. 166571:2020 against the real property located at 954 South 1100 East, Salt Lake City, Utah 84105, and identified as parcel number 47:059:0003 (the "Property"), is hereby released.

      3.      Plaintiff Paul Kenneth Cromar and his wife, Barbara Ann Cromar, are hereby prohibited from filing another notice of lis pendens against the Property, or any interest therein, without first obtaining a court order authorizing such filing.

      SO ORDERED this ____ day of _____, 2021.

BY THE COURT:


_____
David Barlow
            United States District Judge